UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:14-127-DLB

MICHAEL ANN PORTER,                                                                                    PLAINTIFF,

V.                                         **OPINION AND ORDER**

EARL E. BUCKLER, et al.,                                                                              DEFENDANTS.

\*\*\*\* \*\*\*\*\* \*\*\*\*\*

This matter is before the undersigned on Defendant Earl E. Buckler's Motion to Stay. [R. 17]. Therein, Buckler requests that this Court enter a protective order staying discovery pending resolution of his appeal to the Kentucky Court of Appeals in a parallel criminal proceeding. [R. 17 at 2-3]. Plaintiff, Michael Ann Porter, opposes Buckler's motion.[1] [R. 22]. For the reasons that follow, Buckler's Motion to Stay [R. 17] will be GRANTED.

I.  INTRODUCTION

A.  Factual & Procedural Background

On March 4, 2014, a Carter County grand jury indicted Buckler on two counts of third-degree sodomy. [R. 17-2]. The first count of the indictment alleged that on or about a date in October, 2013, Buckler, a court security and transport officer, subjected Porter, an incarcerated inmate, to deviate sexual intercourse. [R. 17-2]. The second count alleged the same offense against another inmate, Sarah Terry. [R. 17-2].

---

[1] The other Defendants in this matter, Sheriff Casey Brammell; the Carter County Sheriff's Office; Carter County, Kentucky; and Carter County Judge Executive, Charles Wallace, filed a response simply stating that they have no objection to a stay in this proceeding. [R. 21].

On August 21, 2014, subsequent to Buckler's indictment in Carter County, Porter filed her complaint in this Court under 42 U.S.C. § 1983. [R. 1]. Porter's complaint alleges that Buckler, a Court Security Supervisor with the Carter County Sheriffs Department, sexually assaulted and sodomized her while transporting her from the Carter County Circuit Courtroom to the Carter County Detention Center. [R. 1 at ¶ 8].

Sometime after Porter filed her civil complaint, Buckler entered a conditional guilty plea in Carter Circuit Court.[2] [R. 17-3]. The Carter Circuit Court entered its judgment and sentence on March 30, 2015, sentencing Buckler to a maximum term of three years on Count I and dismissing Count II. [R. 17-3]. The judgment included an addendum explaining that Buckler reserved the right to appeal issues raised before the Carter Circuit Court surrounding the applicability of KRS 510.090 and KRS 520.010 to his case. [R. 17-3 at 4].

To clarify the contours of Buckler's conditional plea, the Court notes that KRS 510.090 sets forth the elements of third-degree sodomy. Under KRS 510.090(e), a defendant is guilty of third-degree sodomy when he subjects an incarcerated person to deviate sexual intercourse while he is "a jailer, or an employee, contractor, vendor, or volunteer of the Department of Corrections, Department of Juvenile Justice, *or a detention facility as defined in KRS 520.010* . . . ." (emphasis added). Therefore, although this point is not explained in Buckler's motion to stay, it appears that Buckler's plea only allows him to appeal whether he meets the statutory definition of the type of penal employee/volunteer who may be found guilty of third-degree sodomy for abuse of his position

---

[2] Kentucky Rule of Criminal Procedure 8.09 allows a defendant, with approval of the court, to enter a conditional guilty plea. The conditional guilty plea limits a defendant's appellate challenge to specified pretrial or trial motions. RCr 8.09. Kentucky appellate courts will not consider a claim presented in an appeal from a conditional guilty plea if that issue had not been brought to the trial court's attention and was not mentioned in the conditional guilty plea. Dickerson v. Commonwealth, 278 S.W.3d 145, 149 (Ky. 2009) (citing Lovett v. Commonwealth, 103 S.W.3d 72, 84 (Ky. 2003)).

of authority.

At any rate, shortly after the Carter Circuit Court entered its judgment, Buckler filed a notice of appeal to the Kentucky Court of Appeals. [R. 17-5]. Thereafter, on April 3, 2015, Buckler filed his Motion to Stay. [R. 17]. In the motion, Buckler contends that any answers he might provide in discovery in this case could potentially incriminate him in his criminal case if the Kentucky Court of Appeals reverses his conviction and the case has to go to trial. [R. 17 at 2-3].

### B. Applicable Law

The Sixth Circuit has held that "nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment." F.T.C. v. E.M.A. Nationwide, Inc., 767 F.3d 611, 627 (6th Cir. 2014) (quoting Chao v. Fleming, 498 F. Supp. 2d 1034, 1037 (W.D. Mich 2007)). "As a result, district courts have 'broad discretion in determining whether to stay a civil action while a criminal action is pending or impending.'" Id. (quoting Chao, 498 F. Supp. 2d at 1037). The factors that guide this Court's discretion in such circumstances are:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Id. (citing Chao, 498 F. Supp. 2d at 1037). With these factors in mind, the Court will consider Buckler's motion to stay.

### II. ANALYSIS

First, the Court must consider whether there is overlap between the criminal proceeding and the civil case. In the instant case, there is significant overlap between the criminal proceeding and the subject matter of Porter's § 1983 claim. It is undisputed that the core of both cases arises from sexual activity occurring while Porter was an inmate being transported by Buckler. Thus, this factor

tends to favor a stay.

Second, the Court must consider the current status of the cases. In the instant civil case, initial disclosures have been made, [Rs. 11, 12], but Buckler has not yet responded to written discovery requests, [R. 17 at 2]. In the parallel criminal case, an appeal has been filed with the Kentucky Court of Appeals, but the parties have not provided any information on when a decision is anticipated.

Regarding the status of the cases, Buckler argues that his ongoing appeal weighs in favor of a stay because there exists a possibility that the Kentucky Court of Appeals will reverse his conviction. Buckler contends that, if his criminal case is remanded for a trial, his discovery answers could come back to haunt him in the trial court. [R. 17 at 4]. In support of a stay on this ground, Buckler cites the Sixth Circuit's holding in F.T.C. for the proposition that a stay is most appropriate where a party to a civil case has already been indicted because the likelihood that incriminating statements could be used against him is most likely after an indictment has issued. F.T.C., 767 F.3d at 627.

Despite Buckler's contention, the Court is not particularly convinced that a real possibility exists that, if his appeal is successful, the case will be remanded for a trial on the criminal charges. Buckler's conditional plea seems to be based on legal, rather than factual, grounds, making it more likely that a reversal would simply lead to dismissal of the case. Nonetheless, under the less-than-clear circumstances surrounding Buckler's conditional plea as it was presented to this Court, it appears that he may be able to reasonably invoke the Fifth Amendment privilege against self-incrimination in the instant case. See Coley v. Lucas Cnty., Ohio, No. 3:09 CV 0008, 2011 WL 5838190, at *3 (N.D. Ohio Nov. 18, 2011) (explaining that defendants may continue to plead the Fifth Amendment in civil suits during the discovery process and until their criminal judgment

becomes final on appeal). As explained further in the Court's analysis of its own interest below, Buckler's potential invocation of the Fifth Amendment weighs in favor of a stay for purposes of judicial economy.

The third and fourth factors examine the private interests of each party and the potential prejudice faced by each. Here, Porter has a legitimate concern that the criminal appeal could last "close to a year." [R. 22 at 4]. However, Porter does not identify any potential prejudice that he is likely to suffer from the delay. On the other hand, requiring Buckler to choose between asserting his Fifth Amendment rights (thereby subjecting himself to the possibility of adverse inferences) and defending himself in this action does impose somewhat of a burden. Nonetheless, on balance, these factors do not cut strongly in favor of either side.

Fifth, the Court must consider its own interest in granting a stay. If the Court were to deny the motion for stay, the parties and the Court would have to consume time and resources to determine the specific contours of Buckler's Fifth Amendment rights. Further, staying this case in favor of the criminal case may ultimately reduce the need for discovery or result in a settlement of this case if Buckler is convicted. Thus, notions of judicial economy strongly favor the grant of a stay in this case.

Finally, the Court must consider any public interest supporting or opposing the motion to stay. Neither party has identified a public interest factor, and no public interest is readily apparent to the Court that would sufficiently deter granting the motion to stay.

Balancing the foregoing considerations, the Court concludes that a stay should issue. Judicial economy considerations weighed most heavily in the Court's analysis. Additionally, the Court finds that no significant prejudice is likely to occur because of a stay.

## III.  CONCLUSION

For the reasons stated above, Buckler's Motion to Stay [R. 17] is GRANTED.  This matter is held in abeyance and the Court's scheduling order [R. 10] is set aside.  The parties shall file status reports on MONDAY, AUGUST 24, 2015 addressing the status of the criminal appeal.

Signed April 28, 2015.

Signed By:
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**